UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARKAY CONSTRUCTION, INC. and
RANTIK PARIKH,    Case No.: 09-CV-5658 (DAB)

                     Plaintiffs,    **ANSWER TO AMENDED COMPLAINT WITH COUNTERCLAIMS**

    -against-

TISHMAN TECHNOLOGIES CORPORATION,

                     Defendant.
------------------------------------------------------------X

       Defendant Tishman Technologies Corporation ("Tishman"), by its attorneys Goetz Fitzpatrick LLP, as and for its Answer with Counterclaims to the Amended Complaint dated July 28, 2009 filed by Plaintiffs Arkay Construction Inc. ("Arkay") and Rantik Parikh, ("Parikh") upon information and belief, states and alleges as follows:

### AS TO THE NATURE OF THE ACTION

      1.    Denies the allegations contained in paragraph "1" of the Amended Complaint and otherwise refers to the Port Authority Contract and the Subcontract for all their respective terms and conditions.

      2.    Denies the allegations contained in paragraph "2" of the Amended Complaint.

      3.    Denies the allegations contained in paragraph "3" of the Amended Complaint.

      4.    Denies the allegations contained in paragraph "4" of the Amended Complaint.

      5.    Denies the allegations contained in paragraph "5" of the Amended Complaint.

      6.    Denies the allegations contained in paragraph "6" of the Amended Complaint.

      7.    Denies the allegations contained in paragraph "7" of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Amended Complaint.

## AS TO THE JURISDICTION AND VENUE

9. Tishman denies the allegations contained in paragraph "9" of the Amended Complaint and begs leave to refer to the statute at the time of trial of this action for all its legal implications.

10. Tishman denies the allegations contained in paragraph "10" of the Amended Complaint and begs leave to refer to the statute at the time of the trial of this action for all its legal implications.

## AS TO THE ANSWERING PARTIES

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Amended Complaint.

13. Admits the allegations contained in paragraph "13" of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Amended Complaint.

## AS TO THE SUBSTANTIVE ALLEGATIONS

15. Admits the allegations contained in paragraph "15" of the Amended Complaint and refers to the Port Authority Contract for all its terms and conditions.

16. Admits the allegations contained in paragraph "16" of the Amended Complaint.

17. Denies the allegations contained in paragraph "17" of the Amended Complaint except admits that in or about December 2007 Tishman entered into a subcontract with Plaintiff

regarding construction at the Journal Square PATH station (the "Subcontract") and otherwise refers to the Subcontract for all its terms and conditions.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Amended Complaint.

19. Denies the allegations contained in paragraph "19" of the Amended Complaint.

20. Denies the allegations contained in paragraph "20" of the Amended Complaint.

21. Denies the allegations contained in paragraph "21" of the Amended Complaint.

22. Denies the allegations contained in paragraph "22" of the Amended Complaint.

23. Denies the allegations contained in paragraph "23" of the Amended Complaint.

24. Denies the allegations contained in paragraph "24" of the Amended Complaint.

25. Denies the allegations contained in paragraph "25" of the Amended Complaint.

26. Denies the allegations contained in paragraph "26" of the Amended Complaint.

27. Denies the allegations contained in paragraph "27" of the Amended Complaint and otherwise refers to the Subcontract for all its terms and conditions.

28. Denies the allegations contained in paragraph "28" of the Amended Complaint.

29. Denies the allegations contained in paragraph "29" of the Amended Complaint.

30. Denies the allegations contained in paragraph "30" of the Amended Complaint.

31. Denies the allegations contained in paragraph "31" of the Amended Complaint.

32. Denies the allegations contained in paragraph "32" of the Amended Complaint.

33. Denies the allegations contained in paragraph "33" of the Amended Complaint.

34. Denies the allegations contained in paragraph "34" of the Amended Complaint.

35. Denies the allegations contained in paragraph "35" of the Amended Complaint.

36. Denies the allegations contained in paragraph "36" of the Amended Complaint, except admits that as a result of Arkay's failure to pay it subcontractors, one of the Secondary Subcontractors has recently commenced a lawsuit against Plaintiff and Tishman.

37. Denies the allegations contained in paragraph "37" of the Amended Complaint.

38. Admits the allegations contained in paragraph "38" of the Amended Complaint and otherwise refers to the "Tishman Demand Letter" for all its statements and legal implications.

39. Denies the allegations contained in paragraph "39" of the Amended Complaint, and otherwise refers to the "Arkay Objection" and all its statements and legal implications.

40. Denies the allegations contained in paragraph "40" of the Amended Complaint, and otherwise refers to the "Arkay Objection" for all its statements and legal implications.

41. Denies the allegations contained in paragraph "41" of the Amended Complaint, and otherwise refers to the "Arkay Objection" for all its statements and legal implications.

42. Denies the allegations contained in paragraph "42" of the Amended Complaint.

43. Denies the allegations contained in paragraph "43" of the Amended Complaint and otherwise refers to the "Termination Letter" for all its statements and legal implications.

44. Denies the allegations contained in paragraph "44" of the Amended Complaint.

45. Denies the allegations contained in paragraph "45" of the Amended Complaint.

46. Denies the allegations contained in paragraph "46" of the Amended Complaint.

47. Denies the allegations contained in paragraph "47" of the Amended Complaint.

48. Denies the allegations contained in paragraph "48" of the Amended Complaint.

49. Denies the allegations contained in paragraph "49" of the Amended Complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF
### (For Breach of Contract)

50. Tishman repeats and realleges each and every response contained in paragraphs "1" through "49" of the Amended Complaint with the same force and effect as though fully set forth herein.

51. Denies the allegations contained in paragraph "51" of the Amended Complaint.

52. Denies the allegations contained in paragraph "52" of the Amended Complaint, and otherwise refers to the Subcontract for all its terms and conditions.

53. Denies the allegations contained in paragraph "53" of the Amended Complaint.

54. Denies the allegations contained in paragraph "54" of the Amended Complaint.

55. Denies the allegations contained in paragraph "55" of the Amended Complaint.

56. Denies the allegations contained in paragraph "56" of the Amended Complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF
### (For Wrongful Termination of Contract)

57. Tishman repeats and realleges each and every response contained in paragraphs "1" through "56" of the Amended Complaint with the same force and effect as though fully set forth herein.

58. Denies the allegations contained in paragraph "58" of the Amended Complaint.

59. Denies the allegations contained in paragraph "59" of the Amended Complaint.

60. Denies the allegations contained in paragraph "60" of the Amended Complaint.

61. Denies the allegations contained in paragraph "61" of the Amended Complaint.

62. Denies the allegations contained in paragraph "62" of the Amended Complaint.

63. Denies the allegations contained in paragraph "63" of the Amended Complaint.

## ANSWERING THE THIRD CLAIM FOR RELIEF
### (For Discrimination in Contract Under 42 U.S.C. §1981)

64. Tishman repeats and realleges each and every response contained in paragraphs "1" through "63" of the Amended Complaint with the same force and effect as though fully set forth herein.

65. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "65" of the Amended Complaint.

66. Denies the allegations contained in paragraph "66" of the Amended Complaint.

67. Denies the allegations contained in paragraph "67" of the Amended Complaint.

68. Denies the allegations contained in paragraph "68" of the Amended Complaint.

69. Denies the allegations contained in paragraph "69" of the Amended Complaint.

70. Denies the allegations contained in paragraph "70" of the Amended Complaint.

## ANSWERING THE FOURTH CLAIM FOR RELIEF
### (For Discrimination in Contract Under N.J.S.A. 10:5-12)

71. Tishman repeats and realleges each and every response contained in paragraphs "1" through "70" of the Amended Complaint with the same force and effect as though fully set forth herein.

72. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "72" of the Amended Complaint.

73. Denies the allegations contained in paragraph "73" of the Amended Complaint.

74. Denies the allegations contained in paragraph "74" of the Amended Complaint.

75. Denies the allegations contained in paragraph "75" of the Amended Complaint.

76. Denies the allegations contained in paragraph "76" of the Amended Complaint.

77. Denies the allegations contained in paragraph "77" of the Amended Complaint.

## ANSWERING THE FIFTH CLAIM FOR RELIEF
### (*Quantum Meruit*)

78. Tishman repeats and realleges each and every response contained in paragraphs "1" through "77" of the Amended Complaint with the same force and effect as though fully set forth herein.

79. Denies the allegations contained in paragraph "79" of the Amended Complaint.

80. Denies the allegations contained in paragraph "80" of the Amended Complaint.

81. Denies the allegations contained in paragraph "81" of the Amended Complaint.

82. Denies the allegations contained in paragraph "82" of the Amended Complaint.

83. Denies the allegations contained in paragraph "83" of the Amended Complaint.

## ANSWERING THE SIXTH CLAIM FOR RELIEF
### (Unjust Enrichment)

84. Tishman repeats and realleges each and every response contained in paragraphs "1" through "83" of the Amended Complaint with the same force and effect as though fully set forth herein.

85. Denies the allegations contained in paragraph "85" of the Amended Complaint.

86. Denies the allegations contained in paragraph "86" of the Amended Complaint.

87. Denies the allegations contained in paragraph "87" of the Amended Complaint.

88. Denies the allegations contained in paragraph "88" of the Amended Complaint.

89. Denies the allegations contained in paragraph "89" of the Amended Complaint.

90. Denies the allegations contained in paragraph "90" of the Amended Complaint.

**ANSWERING THE SEVENTH CLAIM FOR RELIEF**
**(Breach of New York General Business Law 756 *et. seq.* and**
**Section 79-1 of New York Lien Law)**

91. Tishman repeats and realleges each and every response contained in paragraphs "1" through "90" of the Amended Complaint with the same force and effect as though fully set forth herein.

92. Denies the allegations contained in paragraph "92" of the Amended Complaint.

93. Denies the allegations contained in paragraph "93" of the Amended Complaint.

94. Denies the allegations contained in paragraph "94" of the Amended Complaint.

95. Denies the allegations contained in paragraph "95" of the Amended Complaint.

96. Denies the allegations contained in paragraph "96" of the Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

97. The Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

98. The claims asserted by the Plaintiffs in the Amended Complaint are barred on account of Plaintiffs' unclean hands.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

99. The Amended Complaint is barred, in whole or in part, by estoppel.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

100. The Amended Complaint is barred, in whole or in part, by waiver and release.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

101. The Amended Complaint is barred, in whole or in party, by accord and satisfaction.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

102.  The work, labor, services and materials Plaintiffs allegedly supplied to Tishman failed to conform to the requirements of the Subcontract.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

103.  Plaintiffs failed to comply with the terms of the Subcontract and, is therefore, in breach of the Subcontract and is not entitled to enforce its provisions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

104.  All the actions taken by Tishman with respect to Plaintiff were made for legitimate non-discriminatory and non-retaliatory reasons in the proper exercise of its independent business judgment.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

105.  Article 43 of the Subcontract, provides, *inter alia,* that each party waives all right to trial by jury in any action, proceeding or counterclaim arising out of or in any way relating to the Subcontract and as such, Plaintiff improperly filed a demand for a jury trial with respect to the instant action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

106.  Tishman denies that any sums are due Plaintiffs, however, if any sums are due Plaintiffs, then said amount is offset by an amount of not less than $354,000.00, plus interest, costs and reasonable attorney's fees, which sum represents the amounts expended and damages incurred by Tishman to complete and otherwise remediate Plaintiffs' work, labor and services on the Project due the Plaintiffs' failure to properly perform and provide all work, labor, services and materials and as required.

## AS AND FOR A FIRST COUNTERCLAIM
### (Breach of Contract)

107.   With respect to paragraph "107", Tishman repeats and realleges each and every response and allegation applicable to the responses and allegations contained in paragraphs "1" through "106" of the Answer with Counterclaims as though fully set for the at length herein.

108.   Tishman Technologies Corporation ("Tishman") is a corporation organized and existing pursuant to the laws of the State of New York with its principal place of business located at 666 Fifth Avenue, New York, State of New York.

109.   Upon information and belief, Arkay Construction Inc. ("Arkay") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 102-104 Greylock Avenue, Belleville, New Jersey.

110.   Upon information and belief, Rantik Parikh ("Parikh") is an individual residing in the State of New Jersey.

111.   In or about October 2007, Tishman entered into a construction contract with the Port Authority of New York and New Jersey (the "Port Authority" and/or the "Port Authority Contract") pursuant to the Port Authority's Security Capital Program.

112.   Under the Port Authority Contract, Tishman contracted to provide general contracting services in connection with certain construction work to be performed at various Port Authority facilities in the New York/New Jersey region, including the Journal Square PATH station in Jersey City, New Jersey.

113.   In or about December 2007, Tishman entered into a subcontract with Arkay (the "Subcontract") pursuant to which Arkay was to provide work, labor, services and materials in connection the installation of concrete bollards and related construction (the "Work") at the Journal Square PATH Station (the "Journal Square Project").

114.    Arkay failed to perform the Work under the Subcontract which required Tishman to perform and complete the Work and as a result, Tishman incurred additional costs and expenses to complete Arkay's work that Arkay was obligated to perform under the Subcontract.

115.    Arkay breached the Subcontract in failing to properly perform its work, labor and services and furnishing materials, by *inter alia*: (a) failing to provide a competent a superintendent or foreman at the job site; (b) failing to provide sufficient manpower; (c) failing to timely perform the Work; (d) failing to comply with direction from Tishman; (e) failing to properly schedule the Work, including recovery and completion schedules; (f) failing to obtain written agreements from subcontractors that were providing labor and/or materials for the Work; (g) failing to timely pay its subcontractors and/or suppliers; (h) failing to provide insurance information for subcontractors; (i) failing to perform the Work in accordance with the Subcontract, including steel fabrication; (j) failing to timely and completely provide all submittals for the Work; (k) failing to properly coordinate its Work; (l) failing to properly survey its Work; (m) failing to perform its Work in accordance with all applicable safety rules and regulations, including OSHA; (n) failing to properly protect its Work and work of other Project subcontractors; (o) failing to timely and properly review the drawings and specifications regarding its Work; (p) failing to provide proposal regarding potential changes to the Work; (q) failing to provide payment and performance bonds; (r) failing to properly identify all subcontractors, suppliers, and laborers that Arkay retained to provide work on the Project for Arkay's benefit; (s) misallocation of trust funds paid by Tishman to Arkay for the benefit of Arkay's subcontractors and suppliers for which Parikh and Arkay's Treasurer and Chairman may be personally liable; and (t) Tishman learned that Parikh and one his associated companies, Parikh, Inc. were the subject of an indictment in the Superior Court of New Jersey, County of

Mercer Criminal Division, for allegedly: (i) submitting false information contained in certain construction bid documents and small business enterprise documents to the New Jersey Schools Construction Corporation; and (ii) engaging in false and fraudulent billing practices in connection with the negotiation, award and performance of The Clark Door Project, Contract No. NT-0032C01 in New Jersey.

116.  Tishman performed all terms of the Subcontract on its part to be performed, except for certain terms that Arkay prevented Tishman from performing.

117.  By reason of the foregoing, Plaintiffs are liable to Tishman for damages arising from Arkay's breach of the Subcontract in the sum of not less than $354,000.00, plus interest, costs and reasonable attorneys' fees, which sums represents the costs and damages incurred by Tishman and amounts expended by Tishman to complete and otherwise remediate the Work due to Arkay's failure to perform the Work as required under the Subcontract.

### AS AND FOR A SECOND COUNTERCLAIM
### (Unjust Enrichment)

118.  With respect to paragraph "118", Tishman repeats and realleges each and every response and allegation applicable to the responses and allegations contained in paragraphs "1" through "117" of the Answer with Counterclaims as though fully set for the at length herein.

119.  Tishman advanced monies to Arkay for the Work which Arkay did not supply under the Subcontract and for work performed by and at the expense of Tishman.

120.  That Arkay's retention of those unearned monies for the Work Tishman was otherwise entitled to constitutes unjust enrichment.

121.  By reason of the forgoing, Tishman has been damaged in an amount to be determined at trial, but in no event less than $41,136.00, plus interest, costs and reasonable attorneys fees.

## AS AND FOR A THIRD COUNTERCLAIM
### (Fraud)

122. With respect to paragraph "122", Tishman repeats and realleges each and every response and allegation applicable to the responses and allegations contained in paragraphs "1" through "121" of the Answer with Counterclaims as though fully set for the at length herein.

123. During the performance of the Work at the Journal Square Project, Plaintiffs submitted applications for payment and waiver of liens/ releases to Tishman whereby Plaintiffs attested to the fact that its subcontractors and vendors had been paid (the "Lien Waivers").

124. Based upon Plaintiffs' representation that Arkay's subcontractors and vendors had been paid, Tishman made payments to Arkay in accordance with the payment applications Arkay submitted to Tishman.

125. One of Arkay's subcontractors on the Journal Square Project, to wit, HBC Company, Inc. ("HBC") has filed an action in the Supreme Court of New York County of New York, entitled <u>HBC Company, Inc. v. Arkay Construction Inc., Tishman Technologies Corporation, The Port Authority of New York and New Jersey and Rantik N. Parikh</u> Index No. 108798/09 whereby HBC has alleged, *inter alia*, that Arkay failed, refused and neglected to pay HBC the full amount due and owing for labor performed and materials purportedly furnished by HBC at the Journal Square Project.

126. Upon information and belief, certain other subcontractors and vendors of Arkay have not been paid by Arkay on the Journal Square Project.

127. At the time Plaintiffs submitted its Lien Waivers to Tishman, Plaintiffs knew that certain of its subcontractors and vendors had not been paid by Arkay.

128. By reason of the foregoing, Plaintiffs' representations to Tishman in the Lien Waivers that Arkay's subcontractors and vendors were paid were false and made to fraudulently induce Tishman to make payments to Arkay.

129. In making payments to Arkay, Tishman detrimentally relied on the representations made by Plaintiffs in the Lien Waivers that its subcontractor and vendors had been paid which representations Tishman later learned were false, and as a consequence, has caused Tishman to sustain money damages.

130. Accordingly, Plaintiffs are liable for fraud to Tishman in an amount determined at trial, but in no event less than $375,000.00 together with punitive and/or exemplary damages for fraud.

**WHEREFORE**, Defendant Tishman Technologies Corporation respectfully requests that the Court grant judgment as follows:

(a) Dismissing the Complaint in its entirety with prejudice;

(b) On the First Counterclaim against Arkay Construction, Inc. and Rantik Parikh in an amount to be determined at trial but in no event less than $354,000.00, plus interest, costs and reasonable attorney's fees;

(c) On the Second Counterclaim against Arkay Construction, Inc in an amount to be determined at trial, but in no event less than $41,136.00, plus interest, costs and reasonable attorney's fees;

(d) On the Third Counterclaim against Arkay Construction, Inc. and Rantik Parikh in a amount to be determined at trial but in no event less than $375,000.00, plus interest, costs and reasonable attorney's fees together with punitive and exemplary damages in an amount to be determined at trial.

Dated: New York, New York
       August 24, 2009

                                   Goetz Fitzpatrick LLP
                                   Attorneys for Defendant
                                   Tishman Technologies Corporation

                                   By: _____
                                       Michael R. Fleishman (MF-9022)
                                   One Penn Plaza, Suite 4401
                                   New York, New York 10119
                                   (212) 695-8100

TO:    Drohan Lee LLP
         Attorneys for Plaintiffs
         Arkay Construction Inc. and
         Rantik Parikh
         489 Fifth Avenue, 14th Floor
         New York, New York 10017
         (212) 710-0006